United States District Court
Southern District of Texas
**ENTERED**
February 04, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 2:13-149** |
| | § | |
| **ARTHUR G. HUTCHINS,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Arthur G. Hutchins' "Emergency Motion for Sentence Reduction Bearing Effect to the COVID-19 Pandemic at Federal Prison Oakdale, Louisiana" (D.E. 51), to which the Government has responded (D.E. 53). For the reasons stated below, Defendant's motion is **DENIED**.

**I. BACKGROUND**

In 2004, approximately 1,037 still images of child pornography were discovered on Defendant's computer hard drive. At least 208 images were of prepubescent minors or minors under the age of 12, at least 46 images involved sadistic/masochistic conduct or depictions of violence, and at least two images involved bestiality. Defendant pled guilty to possessing material involving the sexual exploitation of a minor in Case No. 2:05-CR-304 and was sentenced to 97 months' imprisonment, to be followed by three years' supervised release.

Defendant was released from custody on June 7, 2012. Three months later, he uploaded nine images containing child pornography to an online website. A search of his home uncovered records of various electronic communications from email addresses

attributable to Defendant, which contained texts and photographs depicting and describing sexual acts with children. Over the course of several emails to "Sherry," Defendant vividly described sexually assaulting his stepdaughter and other young girls, and he propositioned Sherry about joining forces to groom and seduce little girls for sex with him. Defendant was charged in the current case with two counts of distribution of child pornography and four counts of possession of child pornography. He eventually pled guilty to one count of possession of child pornography. In calculating his sentence, the Presentence Investigation Report (PSR) recommended enhancements because the material involved a prepubescent minor or a minor under the age of 12 and the material portrayed sadistic or masochistic conduct or other depictions of violence. Defendant's advisory Guidelines sentence was 120 months' imprisonment; however, the Court departed upward and sentenced him to 188 months "to protect the public from further crimes of the defendant." D.E. 35, p. 3.

Defendant has served approximately 95 months (50%) of his sentence.  He has a projected release date, after good time credit, of June 19, 2026, after which he will remain on supervised release for life. He now moves the Court to reduce his sentence to time served because his age and underlying medical conditions make him particularly vulnerable to severe illness or death should he contract COVID-19 in prison. He filed a request for compassionate release with the Warden at FCC Oakdale, which was denied.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

**(c) Modification of an Imposed Term of Imprisonment.—** The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Although not dispositive, the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, — F.3d —, 2021 WL 37493, at *2 (5th Cir. Jan. 5, 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

**(A) Medical Condition of the Defendant.—**

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor

cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B)  Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C)  Family Circumstances. –**

(i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D)  Other Reasons.  –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C.

4

§3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances.

> Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

Defendant is 74 years old and suffers from hypertension. He also identifies "diabetic observation (elevated A1C levels)" and "prostetic tumor observation (elevated prostrate level)" as underlying medical conditions that increase his vulnerability to COVID-19, but he has provided no medical records supporting this claim.

The Government concedes that Defendant is at an increased risk of COVID-19 complications due to his age and hypertension,[1] but argues that releasing him when he has served only half of his sentence would be inconsistent with the applicable § 3553 factors. The Government emphasizes that Defendant committed the current child

---

1. According to the Centers for Disease Control and Prevention (CDC), older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Cancer, Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Down Syndrome; Heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Immunocompromised state from solid organ transplant; Obesity; Pregnancy; Severe Obesity; Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Sickle cell disease; Smoking; and Type 2 diabetes mellitus. People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Overweight; Pulmonary fibrosis; Thalassemia; and Type 1 diabetes mellitus.

pornography offense a mere three months after he was released from prison on a prior child pornography offense. He also violated numerous terms of supervision, including orders that he: (1) not commit another crime; (2) not access any Internet service or possess Internet capable software; (3) not reside, work, access, or loiter within 1,000 feet of parks; and (4) refrain from excessive use of alcohol.

The Court finds that any potential risk to Defendant's health should he contract COVID-19 in prison is outweighed by the danger to the community—especially its children—if he is released. According to the PSR, Defendant was required to participate in outpatient sex offender treatment while on supervised release in Case No. 2:05-CR-304. The treatment facilitator concluded that Defendant "is a danger to the community and a true pedophile. . . . In light of the defendant's apparent refusal to actively engage in the treatment process, [he] was deemed untreatable." D.E. 23, ¶ 44. As described above and detailed in the PSR, the current offense involved conversations and photographs depicting and describing sexual acts with children. The Court addressed the offense conduct at sentencing:

> I don't have any explanation for why anybody would say such things. I suppose if there was nothing to back it up, I might have some reason to disbelieve it. But its persistency, its depth, its imagination, and the fact that it's backed up by these images of pornography convince me that the greatest problem that I have with you is that when you are released from custody, you will do again this very same thing. You will not only injure those persons who have been exposed to this type of photography and reproduction and manipulation through the internet, and that you will diminish their rights to exist as humans for the rest of their lives, but there is reasonable and credible danger that you actually will act upon those tendencies.

7

2/4/2014 Sent. Tr., D.E. 41, p. 58:17–59:4.

> I am afraid of you for the public. I don't think you have any
> determination to change. This occurred—began to occur
> almost immediately after your release. And I think, again, that
> these signs of statements, conversations, cannot be ignored
> and must be considered in the factors for punishing you and
> protecting the public.

*Id.* at 63:13-18.

The Court further finds that the § 3553(a) factors, as considered in the specific context of the facts of Defendant's case, do not warrant a reduction in his sentence. Releasing him after he has only served one half of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

## IV. CONCLUSION

For the foregoing reasons, Defendant's "Emergency Motion for Sentence Reduction Bearing Effect to the COVID-19 Pandemic at Federal Prison Oakdale, Louisiana" (D.E. 51) is **DENIED**.

So **ORDERED** on this 4th day of February 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE